IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

WYNN'S EXTENDED CARE, INC.,

    Plaintiff,

v.                                                 CIVIL ACTION NO. _____

PENNY L. BRADLEY,

    Defendant.

## COMPLAINT AND PETITION TO ENJOIN ARBITRATION

Pursuant to the Federal Arbitration Act 9 U.S.C. § 1 *et seq.* Plaintiff Wynn's Extended Care, Inc. (hereinafter "Wynn's") brings this action seeking an order enjoining Defendant Penny Bradley from pursuing claims she filed against it in arbitration before JAMS. Plaintiff states as follows:

### Jurisdiction and Venue

1. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332. There is complete diversity and the amount in controversy exceeds $75,000.00.[1]

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and 9 U.S.C. § 1, *et seq.* Defendant resides in this district and a substantial part of the events or omissions which Defendant asserts as the basis of her claim in arbitration arise in this district.

---

[1] Defendant Penny Bradley has filed an arbitration action with JAMS seeking damages in excess of $75,000.00. Wynn's does not concede that Ms. Bradley is entitled to any of the requested relief.

3. This Court has personal jurisdiction over Bradley. Bradley resides in this district and the transaction giving rise to the claims asserted in the arbitration proceedings occurred within this district.

## Parties

4. At all times relevant to this claim, Ms. Bradley has resided in Stanley, Virginia.

5. Wynn's is a California Corporation with its principal place of business in Miami, Florida. Wynn's is accordingly a citizen of Florida for purposes of federal diversity.

## Factual Allegations

6. Defendant Penny Bradley purchased a hybrid vehicle from Armstrong Auto Sales, Inc. on or about August 21, 2012.

7. Ms. Bradley entered into a financing contract for the purchase of the vehicle. A copy is attached hereto as Exhibit 1.

8. Wynn's was not a party to the financing contract.

9. Ms. Bradley also completed an *application* for the purchase of a Wynn's Plus extended vehicle service contract ("Wynn's VSC"). (Exhibit 2).

10. The contract/application states that the "document is an Application for a Vehicle Service Contract" and the information on the contract/application was subject to verification and may be rejected if the information is incorrect or if the subject vehicle is "not eligible for the term or coverage written as determined by the Administrator in its sole discretion."

11. Wynn's rejected Ms. Bradley's application as her hybrid vehicle was not eligible for coverage under a Wynn's VSC.

12. On August 28, 2012, Wynn's sent Ms. Bradley a letter via certified mail informing Ms. Bradley that the contract was voided because the vehicle was ineligible for coverage. (Exhibit 3).

13. Ms. Bradley received the letter and signed the certified mail receipt on or about September 8, 2012.

14. Ms. Bradley claims that following her last payment on the vehicle on January 20, 2013, she discovered that the vehicle required repairs and requested that Armstrong Auto Sales, Inc. make the repairs pursuant to the 24 months/24,000 miles coverage.

15. Ms. Bradley contends that Armstrong refused to make the repairs.

16. On April 5, 2013, Ms. Bradley initiated suit against Credit Acceptance Corporation, Armstrong Auto Sales, Inc. and Travis Armstrong in the Circuit Court for Rockingham Count.

17. Wynn's was not a party to the lawsuit.

18. The Circuit Court action was removed to the United States District Court for the Western District of Virginia, Harrisonburg Division on May 2, 2013. The case was styled *Bradley v. Armstrong Auto Sales, Inc. et al.,* Case No. 5:13-cv-00054.

19. Wynn's was not a party to the federal action.

20. On August 7, 2013, Judge Urbanski granted a Motion to Compel Arbitration.

21. Ms. Bradley initiated the Arbitration with JAMS in September 2013 pursuant to the arbitration clause in the Retail Installment Sales Contract against Wynn's, Credit Acceptance Corporation, Armstrong Auto Sales, Inc. and Travis Armstrong (hereinafter the "Arbitration").

22. Ms. Bradley included Wynn's as a defendant in the Arbitration and made claims against Wynn's for fraud/constructive fraud, Violations of the VCPA and Violations of the Magnuson-Moss Warranty Trade Improvement Act.

23. Wynn's did not agree to the Arbitration and filed a Motion to Dismiss for lack of jurisdiction.

24. Wynn's has no agreement to arbitrate with Ms. Bradley.

25. Wynn's was not a party to the Retail Installment Sales Contract.

26. Ms. Bradley's application for a Wynn's VSC was rejected and the contract was voided five days after Ms. Bradley purchased the vehicle.

## Count I
## Enjoinment of Arbitration

27. Paragraphs 1-26 are incorporated by reference as if fully stated herein.

28. Ms. Bradley seeks to force Plaintiff to arbitrate causes of action for alleged fraud/constructive fraud, Violations of the VCPA and Violations of the Magnuson-Moss Warranty Trade Improvement Act.

29. There is no agreement to arbitrate between Ms. Bradley and Wynn's.

30. If Ms. Bradley is not enjoined from proceeding with her arbitration against Plaintiff, the Plaintiff will be irreparably harmed. Plaintiff will be deprived irretrievably of its rights to have such claims determined in a judicial forum and will bear the expense and burden of defending itself in an arbitration proceeding to which it did not agree to submit.

## Request for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

1) Enter judgment against Ms. Bradley and for Plaintiff on Count I of the Complaint;

2) Issue a preliminary and/or permanent injunction prohibiting Ms. Bradley from proceeding further with the Arbitration against Plaintiff and requiring Ms. Bradley to dismiss the Arbitration against Wynn's.

3) Award such other or further relief as the Court deems just and proper, including costs and reasonable attorney's fees and expenses as appropriate.

WYNN'S EXTENDED CARE, INC.
By Counsel

_____
Virginia M. Sadler
Virginia State Bar No. 48736
Attorney for Wynn's Extended Care, Inc.
JORDAN COYNE & SAVITS, L.L.P.
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
(Tel.) (703) 246-0900
(Fax) (703) 591-3673
E-Mail: v.sadler@jocs-law.com