For Use in Administrator – Obligor States

# WYNN'S EXTENDED CARE, INC.
## DEALER AGREEMENT

THIS DEALER AGREEMENT ("Agreement") is made and entered into as of ____April 4____, ____2012____, by and between
 (DATE)   (YEAR)

WYNN'S EXTENDED CARE, INC., 6303 Blue Lagoon Drive • Suite 225 • Miami, Florida 33126 ("Administrator"), and

[insert dealership name] ____Armstrong Auto Sales Inc____

[dealer address] ____1370 N Main Street Harrisonburg, VA 22802____ ("Dealer").

### RECITALS:

A. Administrator is the owner of a vehicle service contract program known as Wynn's Extended Care, Inc.® (the "Program") consisting of vehicle service contracts for new and pre-owned vehicles ("Wynn's Service Contracts").
B. Dealer is in the business of selling vehicles and related products and services such as vehicle service contracts.
C. Dealer desires to market and sell to its customers Wynn's Service Contracts pursuant to the Program.

NOW THEREFORE, in consideration of the promises and mutual covenants herein contained, the parties hereby agree as follows:

1. **DEALER RESPONSIBILITIES AND ACKNOWLEDGEMENTS**

    A. **Marketing Program.** Dealer will use its best efforts to market Wynn's Service Contracts pursuant to the Program and faithfully perform its duties in compliance with Administrator's instructions and procedures. Any sales of Wynn's Service Contracts will be binding only upon acceptance by Administrator, which acceptance shall not be unreasonably withheld.

    B. **Use of Administrator's Forms and Procedures.** Dealer will market Wynn's Service Contracts to its customers only on forms provided by Administrator and in accordance with Administrator's procedures, as follows:

    (1) *Compliance with Program.* Dealer will sell Wynn's Service Contracts (a) only on eligible vehicles, (b) with respect to used vehicles, only on the date on which Dealer sells the vehicle, and (c) subject to Administrator's programs, coverages, rules, regulations, and fees.

    (2) *Dealer Cost and Rate Chart.* Administrator's applicable fees will be the Dealer cost (the "Dealer Cost") on Administrator's rate chart (the "Rate Chart") in effect at the time such Wynn's Service Contract is sold.

    (3) *Program Revisions.* Administrator may at any time in its sole discretion revise the programs, coverage's, that any adjustment to the Rate Chart will take effect thirty (30) days after receipt by Dealer.

    (4) *Invalid Service Contracts.* Dealer acknowledges that Administrator will not be obligated to honor any Wynn's Service Contract that Dealer sells (a) on a form that has not been approved by Administrator, (b) on a form that has been discontinued by Administrator, or (c) in violation of this Agreement.

    (5) *Limitation of Dealer Authority.* Dealer shall have no authority to (a) alter, modify, waive, or discharge any terms or conditions of the Program or any Wynn's Service Contract, (b) incur any liability on behalf of Administrator or (c) make representations about coverage not contained in the Wynn's Service Contract.

    (6) *No Agency.* Dealer is not an employee or agent of Administrator for any purpose whatsoever, but is an independent contractor. Dealer does not have nor shall it hold itself out as having any right, power or authority to create any contract or obligation, either express or implied, on behalf of, in the name of or binding upon Administrator unless Administrator shall consent thereto in writing.

    C. **Remittance of Funds and Contracts.**

    (1) *Prompt Remittance.* Dealer will remit to Administrator funds representing the Dealer Cost relating to each Wynn's Service Contract sold by the Dealer within thirty (30) days after the end of the month in which Dealer sells the Wynn's Service Contract, along with a properly executed copy of such Wynn's Service Contract. If Dealer inadvertently underpays Administrator for a Wynn's Service Contract, any additional monies due for such Wynn's Service Contract will be due immediately upon Dealer's receipt of a billing statement for Administrator.

    (2) *Holding Funds Pending Remittance.* Until Dealer delivers payment to Administrator for a Wynn's Service Contract, Dealer will deduct from the proceeds of the sale of each Wynn's Service Contract, and hold in a fiduciary capacity as trustee for and under conditions satisfactory to Administrator, an amount sufficient to pay the applicable Dealer Cost related to such Wynn's Service Contract.

    (3) *Failure to Remit Promptly.* If Dealer fails timely to remit funds to Administrator for any Wynn's Service Contract issued by it, Dealer shall indemnify and hold Administrator harmless from and shall promptly reimburse Administrator for, all costs and expenses of Administrator resulting from Dealer's failure to remit such funds. Such costs and expenses may include, without limitation, the costs of vehicle repair, the Dealer Cost, and cancellation refunds. The failure of Dealer to properly remit funds for any Wynn's Service Contract issued by it shall constitute a material breach of this Agreement.

    D. **Cancellations Processing.** Unless Dealer has purchased the Charge-Back Protection described in Section 1.E. below, the following terms apply to cancellations:

    (1) *Financed Contracts.* If a lender that financed a Wynn's Service Contract's purchase price request cancellation of the Wynn's Service Contract due to a total loss or repossession of the covered vehicle or to a payment default by the Wynn's Service Contract holder, then Dealer will refund to the lender a pro rata portion of Dealer's retained portion of the amount financed by the lender.

    (2) *Contracts Not Financed.* If a cancelled Wynn's Service Contract was not financed, Dealer will return to the purchaser a pro rata portion of that part of the total retail price of the Wynn's Service Contract retained by Dealer.

    (3) *Pro Ration.* The proration method to be applied to a Wynn's Service Contract cancellation will be specified in the Wynn's Service Contract.

(1) **Cancellation Fee.** Dealer will pay Administrator a cancellation fee, as specified in the contract under the Refunds and Charges section, for each cancelled Wynn's Service Contract, regardless of the reason for cancellation. Dealer acknowledges that Administrator is entitled to deduct such amount from the pro rata portion of the Dealer Cost returned to Dealer or paid directly to the Wynn's Service Contract holder.

(2) **Refund Remittance.** If Administrator pays Dealer an amount representing a pro rata portion of the Dealer Cost relating to a cancelled Wynn's Service Contract, Dealer will be solely responsible for remitting the full amount of any cancellation refund to the purchaser of the cancelled Wynn's Service Contract or to any other party entitled to receive such refund under law.

E. **Charge-Back Protection.**

(1) *Protection.* If Dealer purchases Charge-Back Protection (for each applicable program), then after the first ninety (90) days of the term of the Service Contract, Dealer shall have no obligation to refund any portion of a Service Contract's purchase price upon cancellation up to an amount that is equal to two times the dealer cost for such Service Contract (the "Limit"). Dealer shall be responsible for refunding any portion of the purchase price of such Service Contract that is in excess of the Limit.

(2) *Cost.* The cost of purchasing Charge-Back Protection shall be as specified in the Rate Chart. If Dealer elects to purchase Charge-Back Protection, it will apply and be charged with respect to all Wynn's Service Contracts sold by Dealer. Dealer may not elect to purchase the protection on a contract-by-contract basis.

THE UNDERSIGNED AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT,
INCLUDING THOSE TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE.

☐ Extended Care ☐ Wrap Diesel ☐ Wrap ☐ Wynn's Plus ☐ ValueGuard ☐ ValueCare ☐ Limited

DEALER: Armstrong Auto Sales Inc

By: _(Signature)_

Title: Vice President

ADMINISTRATOR:

WYNN'S EXTENDED CARE, INC.

By: R. Duane Brooks (Signature)

Title: _____

Agency Number/Name: _____

F. **Claims Submission.**

(1) *Prior Approval.* Dealer will notify Administrator and receive Administrator's approval prior to making any repairs or replacements under any Wynn's Service Contracts.

(2) *Prompt Claims Submission.* For repairs performed by Dealer under a Wynn's Service Contract, Dealer will submit to Administrator all claims for reimbursement within thirty (30) days after Dealer completes the authorized repairs. Dealer will not submit claims for:

(a) an amount greater than the amount authorized by Administrator;
(b) repairs or expenses expressly excluded or not covered by the terms and conditions of a Wynn's Service Contract;
(c) repairs or expenses resulting from the failure of Dealer to perform repairs in a good and workmanlike manner;
(d) repairs or replacements of parts or components to correct conditions existing or that may reasonably be assumed to have existed at the time the covered vehicle was sold; or
(e) repairs or expenses that are also covered by a manufacturer's warranty, a dealer's or repairer's guarantee, or a vehicle service contract or similar agreement not administered by Administrator.

(3) *Administrator's Right of Rejection.* Dealer agrees that Administrator may reject any improper claim submission, and such claim will be solely the responsibility of Dealer.

G. **Guarantee Repair Work.** Dealer will guarantee all repair work it performs under a Wynn's Contract against defects in workmanship and materials for a period of ninety (90) days or four thousand (4,000) miles after the date of service, whichever occurs first.

H. **Declined Service Contracts.** In the event that Administrator declines to issue a Wynn's Service Contract to a purchaser through Dealer, Dealer will either (i) correct the error, if any, that caused the rejection and resubmit the Wynn's Service Contract to Administrator or, (ii) if the Wynn's Service Contract application cannot be corrected in accordance with Administrator's requirements, refund to the purchaser or the finance company, as appropriate, any money tendered with respect to such Wynn's Service Contract.

I. **Hold Harmless.** Dealer will hold Administrator, its agents, employees, successors and assigns free and harmless from any and all claims, actions, demands or liabilities (including, but not limited to, attorneys' fees and other legal costs) of any type arising out of or resulting from (i) any act or failure to act by Dealer (including its agents, contractors and employees) that causes harm or damage to any person or property; (ii) any act related to the conduct of Dealer business over which Administrator has no control; (iii) any other claim arising out of or related to a Wynn's Service Contract except to the extent that such claim relates to Administrator's failure to perform its obligations hereunder; or (iv) Dealer's failure to comply with any and all applicable laws, rules, regulations and ordinances respecting the sale of Wynn's Service Contracts or otherwise.

2. **ADMINISTRATOR RESPONSIBILITIES**

A. **Program Administration.** Administrator will maintain and administer the Program, including all claims by purchasers of Wynn's Service Contracts.

B. **Maintain Insurance.** Administrator will secure and maintain an insurance policy insuring Administrator for any sums that Administrator may become legally obligated to pay under a Wynn's Service Contract covered under this Agreement.

C. **Supplies.** Administrator will furnish Dealer with Wynn's Service Contract forms and other supplies approved by Administrator necessary for Dealer to implement the Program, all of which shall remain the property of Administrator and shall be returned to it upon this Agreement's termination or upon Administrator's demand.

D. **Claims Processing.** Administrator will investigate process and adjust claims covered by the Wynn's Service Contract in accordance with its then current claims adjusting procedures.

    E. **Repair Payments.** For repairs made by a repair facility, including but not limited to Dealer, on a vehicle covered by a Wynn's Service Contract, Administrator will compute its repair payments to the repair facility as set forth below. Administrator reserves the right to change the amount or manner of reimbursement to the repair facility, provided that any such change shall be effective upon thirty (30) days' written notice to the repair facility:

        (1) *Parts.* Administrator will reimburse the repair facility for the reasonable cost of parts, which shall be based on the national average cost of such parts. Administrator has the right to designate the use of new, rebuilt and/or good quality used parts.

        (2) *Labor.* Administrator will reimburse the repair facility for labor at the repair facility's retail labor rate for the time required in the manual (Mitchell, Chilton, Factory, etc.) used by the repair facility.

        (2) *Sublet Work.* Administrator will reimburse the repair facility for sublet work at the repair facility's actual cost plus ten percent (10%), except that if the repair facility has sublet the entire repair Administrator will only reimburse the repair facility its actual cost.

3. **TERMINATION**

    A. **Term and Termination.** This Agreement shall continue in force until terminated by either party upon no less than thirty (30) days' prior written notice of such termination to the other party. However, either party may terminate this Agreement immediately upon the discovery of fraud or material breach of this Agreement by the other party, the agents or employees. Termination for fraud or material breach shall be effective upon receipt of written notice by the non-terminating party.

    B. **Automatic Termination.** This Agreement shall terminate automatically without notice from Administrator if (i) a petition of bankruptcy is filed by or against Dealer, (ii) Dealer shall have made an assignment for the benefit of creditors, (iii) Dealer shall have been voluntarily adjudicated a bankrupt by any court of competent jurisdiction, (iv) a petition or reorganization of Dealer, or an arrangement with creditors, is filed by or against Dealer, (v) a receiver shall have been appointed for all or a substantial part of Dealer's business or (vi) Dealer shall have permitted or suffered any attachment, levy or execution to be made against any or all of Dealer's inventory in the event of such default.

    C. **Effect of Termination.** Termination of this Agreement shall not alter Administrator's responsibility to administer claims under Wynn's Service Contracts for which Administrator has received payment prior to the effective date of such termination.

4. **DISPUTE RESOLUTION**

    A. **Arbitration.** In the event of any dispute or disagreement between the parties that cannot be resolved amicably by the parties, such dispute or disagreement shall be settled by final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect, unless the parties agree otherwise.

    B. **Governing Law and Venue.** The arbitration shall be conducted before a panel of three (3) arbitrators and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Any judgment and/or award that he arbitrators render may be entered and enforced by a court of competent jurisdiction. The arbitration shall take place in the state and county in which Dealer has its principal offices, unless the parties agree otherwise. The parties consent to the personal jurisdiction before any court located in the state in which the arbitration is held.

    C. **Discovery.** Each party shall be limited to the following pre-arbitration discovery: two (2) depositions; thirty (30) interrogatories, each consisting of no more than three parts; twenty (20) requests for production of documents, each consisting of no more than three parts; and twenty (20) requests for admission. Additional discovery shall be permitted at the discretion of the arbitrators.

    D. **Costs.** Each party shall pay the fees of its own attorneys, expenses of witnesses, and all other expenses connected with the presentation of its case. The parties shall share equally the cost of arbitration and the fees charged by the arbitrators.

    E. **No Punitive Damages or Interest.** The arbitrators shall not have authority to award punitive damages or interest, including pre-award interest, in any arbitration proceedings hereunder.

5. **MISCELLANEOUS**

    A. **Confidential Information.** Dealer shall keep confidential and shall cause all of its employees and other representatives to keep confidential, both during and after the term of this Agreement, all non-public proprietary or trade secret information belonging to Administrator that may be received by Dealer concerning Administrator or the Program ("Confidential Information"), except for such information specifically authorized by Administrator to be disclosed by Dealer. Confidential Information will include, without limitation, Wynn's Service Contract pricing information.

    B. **Entire Agreement.** This Agreement contains the entire agreement of the parties and supersedes all previous or contemporary arrangements between the parties. All future changes must be made in writing and signed by both parties.

    C. **Governing Law.** The validity, interpretation, and performance of this Agreement shall be governed by and construed under the laws of the State of Florida.

    D. **Notices.** All notices, demands, or communications regarding this Agreement shall be in writing, signed by the party serving the same, and deposited, postage prepaid in the United States Postal Service as certified or registered mail, or delivered by facsimile to the appropriate address or number indicated herein.

    E. **Severability.** If any provision of this Agreement is held invalid under the laws or regulations of any state where used, such provision shall be deemed not to be part of this Agreement in such state, but shall not invalidate any other provision hereof.

    F. **Access to Dealer Records.** Administrator shall at all times have full and free access during business hours at Dealer's office(s) or place where Dealer's records are kept to inspect books, records and files relating to Wynn's Service Contracts issued pursuant to the Program and this Agreement.

    G. **Assignment.** This Agreement is not assignable by Dealer without the written consent of Administrator and shall not be construed to make Dealer an Agent, express or implied, or an employee of Administrator. The rights and privileges afforded by this Agreement are solely for the benefit of the parties hereto and under no circumstances shall any other party have any rights or privileges or be entitled to any benefits under this Agreement.

White - Wynn's Extended Care, Inc. Yellow - Representative Pink - Seller Gold – Seller

©1999-2004 Wynn's Extended Care, Inc. All rights reserved.

Item 9M6750 (6/09)