UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

WYNN'S EXTENDED CARE, INC.,
    Plaintiff and Counter-defendant

v.                                            Case Number: 5:13-cv-00114

PENNY L. BRADLEY,
    Defendant and Counter-plaintiff.

### BRADLEY'S REPLY TO WYNN'S OPPOSITION TO BRADLEY'S MOTION TO COMPEL DISCOVERY RESPONSES

Wynn's Opposition to Bradley's Motion to Compel provides no basis for its refusal to fully answer the discovery. As fully explained below, Wynn's has not shown any responses would be burdensome and the discovery questions are within the scope of discovery.

Interrogatory 1 asked for net worth information and Wynn's response is that because Bradley has no evidence to support a claim for punitive damages, it should not be made available unless Bradley's claim survives summary judgment. Wynn's has never asked for any of the trial issues to be bifurcated and the discovery period is closing. Bradley is entitled to have facts during the discovery period so the facts can be investigated, their truthfulness determined, and a trial plan developed. Such information also helps the parties knowledgeably value the case for settlement purposes.

Interrogatory 4 through 8 sought information regarding the frequency and persistence of the problem of a Wynn's service contract being sold on an ineligible vehicle during the last five calendar years. Wynn's asserts that "Bradley cannot point to a single piece of evidence tending to show that Wynn's acted willfully or had the

1

requisite level of intent to support a claim for punitive damages." (Doc. 38, pg 4, pgid# 282). Bradley has asked for evidence of the frequency and persistence of this specific problem, and Wynn's refuses to provide it. Unless Wynn's will stipulate that this is a common and regularly occurring problem that it has known about for years, then Wynn's should be required to provide this evidence. It cannot refuse to provide the evidence and then claim Bradley has no evidence. Furthermore, Wynn's has made no showing that this evidence is burdensome.

Document Request 1 asked for a copy of all contracts and rate charts between Wynn's and Armstrong Auto that showed dealer cost, retail cost and wholesale cost. Wynn's has refused to provide this information, but also asserts that Bradley cannot "explain how it could possibly be profitable for Wynn's to deliberately induce car dealers to submit ineligible applications for extended vehicle service contracts, which would inevitably result in a full refund of any amount paid to Wynn's, thereby providing Wynn's with no revenue or profit." (Doc. 38, pg 4, pgid# 282). Getting the basic numbers in the transaction is the first step to showing what motive Wynn's would have in allowing its agents to sell extended service contracts on ineligible vehicles. Attached as Exhibit A is what Wynn's filed as part of its Motion to Dismiss. Under Paragraph 1-D, it refers to dealers paying a cancellation fee. Under Paragraph 1-E, it also refers to Charge-Back protection, which is apparently some type of protection the dealer can purchase from Wynn's to protect the dealer against certain cancellation costs. Whether Wynn's can make money when its dealers sell service contracts can only be known if Wynn's provides the complete agreement, including the rate sheet, that it had with Armstrong. Furthermore, the entire contract and rate sheets should identify whether a service contract could have been provided on a hybrid vehicle and is thus relevant to why an ineligible service contract was used.

2

Document Request 3 asked for the contracts between Credit Acceptance Corporation and the various companies that are affiliated with Wynn's. The evidence before the Court is that Wynn's allows Credit Acceptance Corporation to train car dealers how to sell Wynn's products, that it lets Credit Acceptance Corporation set the price of its product, and lets Credit Acceptance Corporation's software process the sale of such contracts. For willfulness under the Virginia Protection Act and for punitive damages, Wynn's cannot point the finger at Credit Acceptance Corporation while also claiming that its relationship with Credit Acceptance Corporation is irrelevant.

Document Request 4 asked for each application submitted to Wynn's in the past five calendar years where the car was determined ineligible for the service contract and Credit Acceptance Corporation was involved in the transaction. The issue is simply whether this was a one-time incident, or a common known problem that Wynn's has not corrected. The applications for such similar incidents will show how many consumers were similarly victimized, and the dollar amounts at issue. For dealers like Armstrong Auto, Wynn's only allows its service contract to be sold as part of a used car sale (see Exhibit A, Para. 1(B)(1)(b)). Bradley's transaction shows that, when CAC is involved, the consumer is then further victimized by CAC's practice of improperly calculating the rebate to the customer, and these documents will show the financial harm ultimately caused by Wynn's practice. Wynn's can simply redact the personal identifiers to avoid any disclosure of confidential information.

Finally, Wynn's suggestion in footnote 2 that a protective order be entered that allows relevant documents to be reviewed only by counsel should be rejected because Virginia's ethic rules require a lawyer be able to share material information with the

3

lawyer's client. *See* LEO 1854, www.vsb.org/docs/LEO/1854.pdf, issued October 5, 2010 ("Fundamentally, the defense counsel cannot withhold from the defendant salient facts or information that would be pertinent to the defendant's decision to accept a settlement or plea agreement in his or her matter."). "Absent state or federal law, a rule of court, or court order to the contrary, an agreement that in any way limited the lawyer's ability to give information to his client would be prohibited according to the analysis in LEO 1854." LEO 1864, www.vsb.org/docs/LEO/1864.pdf, issued October 24, 2012, revised March 12, 2014. The frequency of the underlying problem is a primary consideration for the punitive damage analysis, and for Bradley to knowledgeably make decisions about her case she needs access to this information.

Therefore, Bradley requests that her Motion to Compel be granted.


Respectfully submitted,

s/Thomas D. Domonoske
Thomas D. Domonoske VSB #35434
Of Counsel Legal Aid Justice Center
461 Lee Avenue
Harrisonburg, VA 22802
540-442-7706

Timothy E. Cupp  VSB No. 23017
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
P.O. Box 589
Harrisonburg VA  22803-0589
Phone: (540) 432-9988
Facsimile:  (804) 278-9634
e-mail: cupp@scs-work.com


**CERTIFICATE OF SERVICE**

I, Thomas D. Domonoske, certify that a true copy of this Reply was delivered by electronic filing via ECF to all counsel of record on this 25th day of August, 2014.

_____/s_____
Thomas D. Domonoske