IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| WYNN'S EXTENDED CARE, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:13-cv-00114-MFU |
| PENNY L. BRADLEY, | : |
| Defendant. | : |

## DECLARATION OF TRAVIS ARMSTRONG

I, Travis Armstrong, having personal knowledge of the facts contained herein, being over the age of eighteen (18) years and otherwise competent to testify in this matter, state as follows:

1. I am the owner and an officer of Armstrong Auto Sales, Inc. (hereinafter "Armstrong Auto").

2. Armstrong Auto's primary line of business is the sale of used vehicles. Armstrong Auto is an independent vendor doing business with its own customers.

3. On April 4, 2012, Armstrong Auto and Wynn's Extended Care, Inc. (hereinafter "Wynn's") entered into a Wynn's Extended Care, Inc. Dealer Agreement (hereinafter the "Dealer Agreement").

4. Under the Dealer Agreement, Armstrong Auto is authorized to provide materials on and an application for the Wynn's Plus Used Vehicle Service Contract (hereinafter "VSC") to Armstrong Auto's customers, but Armstrong Auto does not have the power to bind Wynn's to a VSC with any particular customer.

5. When a customer comes into the dealership, we make an independent determination if an extended service contract application should be provided to the customer and which extended service contract application should be offered. Armstrong Auto may decide to offer its own 1-month/1,000 mile extended service contract to the customer, provide an application for a VSC, or determine that an extended service contract is not available for a particular transaction.

6. When we have reason to believe that a customer is eligible for a VSC and the customer wishes to apply for a VSC, an Armstrong Auto salesperson fills out an application on the customer's behalf, the customer reviews and signs the application, and we submit it to Credit

Acceptance Corporation ("CAC") with the applicable vehicle purchase financing package. CAC then sends the application to Wynn's for Wynn's review and approval.

7. The above procedure was followed in connection with the sale of a 2007 Honda Civic Hybrid vehicle (hereinafter the "Vehicle") to Penny Bradley (hereinafter "Bradley") on August 21, 2012.

8. I have never spoken to a Wynn's employee or representative. To my knowledge, an Armstrong Auto employee contacted Wynn's on only one occasion, in February of 2013. That employee reached out to Wynn's when Ms. Bradley visited our dealership inquiring about whether repairs to the Vehicle could be covered under a VSC.

9. Wynn's has never made any payments to Armstrong Auto.

10. Wynn's does not determine how I or other Armstrong Auto employees are paid.

11. Wynn's does not decide the times at which Armstrong Auto is open for business.

12. Wynn's does not own the land or the building in which Armstrong Auto operates, and does not own the furniture, computer or any office equipment used by Armstrong Auto.

13. The decision of whether or not to provide any particular Armstrong Auto customer with any VSC materials or a VSC application for an eligible vehicle is subject to the sole discretion of Armstrong Auto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on September 17, 2014.

_____
Travis Armstrong