UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

WYNN'S EXTENDED CARE, INC.,
    Plaintiff and Counter-defendant

v.                                                           Case Number: 5:13-cv-00114

PENNY L. BRADLEY,
    Defendant and Counter-plaintiff.

## MOTION FOR SANCTIONS FOR FAILURE TO FOLLOW ORDER COMPELLING PRODUCTION OF "DEALER COST AND RATE CHART"

For the reasons set forth in the brief below, Penny L. Bradley (Bradley) brings this Motion under Rule 37(b) of the Federal Rules of Civil Procedure because Wynn's Extended Care, Inc. (Wynn's) has failed to comply with a discovery order of this Court. Specifically, on August 28, 2014, Bradley's Motion to Compel (Doc. 32) was granted. Wynn's was ordered, among other items, to provide a copy of its contract and "Dealer Cost and Rate Chart" in effect in 2012 and 2013 between it and Armstrong Auto Sales, Inc. Wynn's has not provided this complete document and should be sanctioned.

## BRIEF IN SUPPORT OF MOTION FOR CONTEMPT

### A.

### WYNN'S HAS VIOLATED THIS COURT'S DISCOVERY ORDER AND CAUSED PREJUDICE TO BRADLEY.

**1. Because the Dealer Agreement is central to this case, Wynn's was ordered to provides its complete agreement with Armstrong Auto, including the "Dealer Cost and Rate Chart" repeatedly referenced in it.**

This case is brought for violations of the Virginia Consumer Protection Act (VCPA) and the Magnuson Moss Warranty Trade Improvement Act and for fraud. Bradley claims that Armstrong Auto Sales, Inc., (Armstrong Auto) was an agent of

1

Wynn's and that Wynn's is liable for statutory damages, actual damages, and punitive damages because of the misrepresentations of its agent.

From the very beginning of this case, Wynn's has asserted that its relationship with Armstrong Auto is controlled by the Wynn's Extended Care, Inc. Dealer Agreement. (See Document 19-1 attached to Wynn's Motion to Dismiss, Doc. 19)(also attached here as Exhibit A). Wynn's asserts the same central role of this document in its Motion for Summary Judgment. (Doc. 60-3, Declaration of R. Steven Brooks, Para. 3 attaching and referencing the same document at pageid# 538-540, and Declaration of Travis Armstrong, Para. 3, Doc. 60-11). In particular, Wynn's repeatedly references some of the terms of this Dealer Agreement in support of its Motion for Summary Judgment (See for example, Fact 1 and 2 on page 3 and 4, and extensive quote on page 13, Doc 60). This "Dealer Cost and Rate Chart" thus completes the form contract that is central to this case.

Because of the crucial role any contract between Wynn's and Armstrong plays in regulating the relationship between Armstrong Auto and Wynn's, on May 28, 2014, Bradley served Wynn's with Requests for Production of Documents (Doc. 32-2). Request 1 was for all contracts between Wynn's and Armstrong Auto. On June 30, 2014, Wynn's served objections to each and every discovery request. In communications between counsel, Wynn's then stated it would be providing some substantive responses. On August 10, 2014, Wynn's then served the Interrogatory Answers and Responses for Request for Documents but, among other lapses, did not provide the "Dealer Cost and Rate Chart.

To obtain the "Dealer Cost and Rate Chart", on August 13, 2014, Bradley filed her Motion to Compel Discovery Responses (Doc 32.).  On August 22, 2014, Wynn's filed its Opposition (Doc. 38).  On August 25, 2014, Bradley filed her Reply to that Opposition (Doc. 41).  A hearing was held before Magistrate Judge James G. Welsh on Thursday, August 28, 2014, at 10:30 a.m., and the Motion to Compel was granted in part and denied in part.  Among other rulings, Wynn's was ordered to provide the complete contract between the parties, that includes the Dealer Cost and Rate Chart.  Wynn's did not ask the Court to reconsider this aspect of the August 28 discovery order in its Motion for Reconsideration (Doc. 49), heard on September 11, 2014.

Wynn's has never provided this Dealer Cost and Rate Chart despite repeated requests by Bradley that it comply with the Magistrate Judge's discovery ruling.

**2.     Bradley has been and continues to be prejudiced by Wynn's failure to provide the "Dealer Cost and Rate Chart" document.**

The "Dealer Cost and Rate Chart" document is crucial to understanding the Dealer Agreement and the relationship between Wynn's and Armstrong Auto.  Paragraph 1(B)(2) of the Dealer Agreement refers to a "Dealer Cost and Rate Chart."  The "Dealer Cost" is then referenced in at least the following subsections:

-Paragraph 1(C)(1);

-Paragraph 1(C)(2);

-Paragraph 1(C)(3);

-the top paragraph on page 2 which is labeled (1) but appears to be the second Paragraph 1(D)(1) in the contract;

-the second paragraph on page 2 which is labeled (2) but appears to the second Paragraph 1(D)(2) in the contract; and

3

-Paragraph 1(E)(1).

Furthermore, the numbers on that Dealer Cost and Rate Chart are pertinent to the duties and calculations set forth in the following:

-Paragraph 1(C)(2);

-Paragraph 1(D)(1); and

-Paragraph 1(D)(2).

The Rate Chart has lots of information including the cost of purchasing "Charge-Back Protection" as set forth in Paragraph 1(E)(2). Lastly, Paragraph 5(B) states the Dealer Agreement is the entire agreement and can only be modified in writing.

Discovery closed in this case on September 15, 2014, and the failure of Wynn's to provide the complete agreement has prejudiced Bradley. Corporate depositions occurred on the following dates: Armstrong Auto in Virginia on September 3, 2014, and Wynn's in Florida on September 15, 2014. Bradley did not have this Dealer Cost and Rate Chart and thus could not knowledgeably ask questions. This prejudice now continues as Bradley does not have the complete Dealer Agreement to respond to Wynn's Motion for Summary Judgment. Wynn's unilateral decision not to comply with the Magistrate's ruling has ensured that all the facts about the relationship between Wynn's and Armstrong Auto have not yet been presented to this Court.

**B.**

### UNDER RULE 37(B), WYNN'S SHOULD BE SANCTIONED AND FOUND IN CONTEMPT OF THIS COURT'S ORDER.

Rule 37(b)(2) of the Federal Rules of Civil Procedure states in part:

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31a(4) — fails to obey an order to provide or permit discovery, including an order under Rule

4

26(f), 35, or 37(a), the court where the action is pending may issue further just orders. . . .

This is followed by a non-exhaustive list of remedies and the Court has the power to issue any sanction it deems appropriate. *See Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Thompson v. U.S. Dept of Housing and Urban Development,* 219 F.R.D. 93, 101 (D.Md.2003). Justice is the central factor in a sanctions order under Rule 37(b). *See Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998); *Harris v. City of Philadelphia*, 47 F.3d 1311 (3d Cir. 1995). The sanction should be no more severe than necessary. *See Wilson v. Volkswagen of Am.*, 561 F.2d 494 (4th Cir. 1977).

Wynn's has refused to provide the necessary document that completes its Dealer Agreement with Armstrong Auto even though it relies on that Dealer Agreement for one of its defenses. As shown by the lower right hand corner of its last page, the Dealer Agreement is a form last revised June 2009. As shown in the upper right hand corner of its first page, it is used in multiple states. Presumably, the Dealer Cost and Rate Chart that completes it is also a form used in multiple states; thus Wynn's could have easily complied with the Court's order by giving one copy to Bradley's counsel.

Instead of easy compliance, Wynn's intentionally refused to comply with the Court's Order to produce this information. Under Rule 37(b)(2)(A)(i), this Court can direct "that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Wynn's willful violation of this Court's order has kept Bradley from accessing, understanding, and presenting the entire agreement between Wynn's and Armstrong Auto. The crucial

5

underlying fact is the nature of the relationship between the two entities, which Bradley claims is one of agency, either actual, apparent, or by estoppel.

Because Wynn's noncompliance has prejudiced Bradley's ability to present evidence on this issue, the Court should sanction it. The Court should direct that, for purposes of this action, Armstrong Auto was Wynn's agent. The Court should also find that Wynn's is in contempt of this Court's discovery order.

## Conclusion

Bradley respectfully requests that the Court find that Wynn's is in contempt for its unwarranted decision to withhold the document that it was ordered to provide. Bradley further asks that as a sanction this Court direct that Armstrong Auto was Wynn's agent.

Respectfully submitted,

s/Thomas D. Domonoske
Thomas D. Domonoske VSB #35434
461 Lee Avenue
Harrisonburg, VA 22802
540-442-7706

Timothy E. Cupp  VSB No. 23017
Shelley Cupp Schulte, P.C.
1951-D Evelyn Byrd Avenue
P.O. Box 589
Harrisonburg VA  22803-0589
Phone: (540) 432-9988
Facsimile:  (804) 278-9634
e-mail: cupp@scs-work.com

## CERTIFICATE OF SERVICE

I, Thomas D. Domonoske, certify that a true copy of this Motion for Sanctionwas delivered by electronic filing via ECF to all counsel of record on this 26th day of September, 2014.

 /s Thomas D. Domonoske
Thomas D. Domonoske

6