IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

WYNN'S EXTENDED CARE, INC., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO. 5:13-cv-00114-MFU
:
PENNY L. BRADLEY, :
:
    Defendant.

## WYNN'S EXTENDED CARE, INC.'S ANSWERS TO PENNY L. BRADLEY'S FIRST INTERROGATORIES

COMES NOW Wynn's Extended Care, Inc., by counsel, and serves the following answers to Plaintiff's First Set of Interrogatories.

    A.    The information supplied in the answers to interrogatories is not based solely on the knowledge of the executing party, but includes knowledge of the parties, their agents, representatives, and attorneys, unless privileged. The executing party has no first hand personal knowledge of the allegations as set forth in the plaintiff's Complaint.

    B.    The word usage and sentence structure of the answers to interrogatories may be that of the attorney assisting in the preparation of these answers and thus do not necessarily purport to be the precise language of the executing party.

    C.    The information contained in the answers to interrogatories is being provided in accordance with the provisions and intent of the rules of this Court which require the disclosure of facts which may be relevant or which may lead to the discovery of relevant information. Accordingly, the party answering these interrogatories and responding to the request, by providing the information requested, does not waive any objections to the admission in evidence of the information.

6. For each of your responses to Interrogatory 4 and 5, provide the number that were car sales in the Commonwealth of Virginia.

**ANSWER:** Defendant objects to Interrogatory No. 6 on the grounds that the interrogatory is overly broad, seeks information not relevant to the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

7. For each of your responses to Interrogatory 4 and 5, provide the number that were car sales involving Credit Acceptance Corporation in the financing of the sale.

**ANSWER:** Defendant objects to Interrogatory No. 7 on the grounds that the interrogatory is overly broad, unduly burdensome, seeks information not relevant to the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

8. For each of your responses to Interrogatory 4 and 5, provide the number that were car sales in the Commonwealth of Virginia and that involved Credit Acceptance Corporation in the financing of the sale.

**ANSWER:** Defendant objects to Interrogatory No. 8 on the grounds that the interrogatory is overly broad, unduly burdensome, seeks information not relevant to the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

9. Describe all steps you take to ensure that car dealers do not include one of your service contracts in a car sale when the car is ineligible for the coverage being included, including the identification of any person with knowledge of how these steps were developed.

**ANSWER:** Defendant objects to Interrogatory No. 9 on the grounds that the interrogatory is overly broad, seeks information not relevant to the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Wynn's responds that it provides rate sheets to the dealerships which outline the assigned coverage, the retail price and identify ineligible vehicles. The rate sheets are generated at CAC's request and specifically for the rates set by CAC for this program. The rate

4

sheets, at that time, were generated by Terri Lynskey at Wynn's Extended Care, Inc. The service contracts are offered through CAC. Training in using the CAC software program which processes the sales contracts offered through the CAC system is done by CAC. Following the completion of the application, the application is submitted to Wynn's for review of the application by Wynn's underwriting department to ensure all eligibility requirements are met. If the Vehicle is ineligible, the application is rejected and Wynn's underwriting department notifies the applicant and the dealership via U.S. Mail.

10. Describe all steps you take to ensure that car dealers and finance companies rebate the purchase price and the taxes if they include one of your service contracts in a car sale when the car is ineligible for the coverage, including the identification of any person with knowledge of how these steps were developed.

**ANSWER:** Defendant objects to Interrogatory No. 10 on the grounds that the interrogatory is overly broad, seeks information not relevant to the instant litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Wynn's responds that it is not responsible for rebating of the taxes. The dealer, as the retailer of the Vehicle, is responsible for collecting and paying the taxes as well as for refunding that money. If a vehicle is found to be ineligible for coverage, Wynn's, through its accounting department, returns its portion of the contract purchase price to CAC. CAC is responsible for returning the funds to the applicant.

11. Describe all steps you took to insure that Bradley received a rebate of the purchase price and the taxes charged to her in her transaction with Armstrong Auto, including the identification of any person with knowledge of when these steps were taken.

**ANSWER:** Bradley's vehicle did not qualify for coverage due to the fact that it is a hybrid vehicle. As a result, the transaction was not completed. Wynn's notified Bradley and CAC regarding this fact. Wynn's underwriting department was responsible for issuing the letter

5

to Ms. Bradley and notifying CAC that the contract was voided because Ms. Bradley's vehicle was ineligible for coverage. A refund of Wynn's portion of the purchase price was provided to CAC through an offset of CAC's weekly submissions. CAC was then responsible for refunding the money to Ms. Bradley. Alfred Armenteros, Senior Vice President, 5303 Blue Lagoon Drive, #225, Miami, Florida 33126, has knowledge of the foregoing steps.

12. Identify any person not previously identified who was responsible for supervision, training, monitoring, or guidance of any type over car dealers who sold your service contracts in Virginia in 2012 and in 2013.

**ANSWER:** Defendant objects to Interrogatory No. 12 on the grounds that the interrogatory is overly broad, seeks information not relevant to the instant proceedings and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Wynn's responds that to the extent provided, CAC provides training, monitoring and guidance over car dealers. Wynn's is not aware of the identity of the specific individual.

13. For each person identified in any of the above Interrogatories, state whether they have ever been convicted either of a felony, or a misdemeanor involving moral turpitude, furnishing the nature, date, and court of any such convictions.

**ANSWER:** Wynn's has no knowledge of whether these individuals have been convicted of a felony or misdemeanor involving moral turpitude.

6

I hereby affirm, under penalty of perjury, that the foregoing Answers are true and correct to the best of my knowledge and based on the business records of Wynn's Extended Care, Inc.

WYNN'S EXTENDED CARE, INC.

By _____
Name: Matthew P. Brooks
Title: Assistant General Counsel

JORDAN COYNE LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
(Tel.) (703) 246-0900
(Fax) (703) 591-3673

By _____
Virginia M. Sadler, VSB No. 48736
*Counsel for Wynn's Extended Care, Inc.*

7