```
 1                UNITED STATES DISTRICT COURT

 2            FOR THE WESTERN DISTRICT OF VIRGINIA

 3                    HARRISONBURG DIVISION

 4    - - - - - - - - - - - - - - - - - - - -

 5     WYNN'S EXTENDED CARE, INC.,

 6              Plaintiff,

 7     -vs-                         Civil Action No.

 8                                  5:13-cv-00114

 9     PENNY L. BRADLEY,

10              Defendant.

11    - - - - - - - - - - - - - - - - - - - -

12                                  August 29, 2014

13                                  Harrisonburg, Virginia

14   Deposition of

15                    PENNY BRADLEY,

16   the Defendant, was called for examination by counsel on

17   behalf of the Plaintiff, pursuant to notice, taken in

18   the law offices of SHELLEY, CUPP & SCHULTE, 1951 Evelyn

19   Byrd Avenue, Suite D, Harrisonburg, Virginia, commencing

20   at 10:39 a.m., before Robin Creswell, a Notary Public in

21   and for the Commonwealth of Virginia, when there were

22   present on behalf of the respective parties:
```

Page 2

 1   APPEARANCES:

 2        For the Plaintiff:

 3             VIRGINIA M. SADLER, ESQUIRE

 4             JORDAN, COYNE & SAVITS, L.L.P.

 5             10509 Judicial Drive, Suite 200

 6             Fairfax, Virginia 22030

 7             (703) 246-0900

 8

 9        For the Defendant:

10             TIMOTHY E. CUPP, ESQUIRE

11             SHELLEY, CUPP & SCHULTE

12             1951 Evelyn Byrd Avenue

13             Suite D

14             Harrisonburg, Virginia 22801

15             (540) 432-9988

16

17

18

19

20

21

22

1                      C O N T E N T S

2

3         WITNESS                                    PAGE

4   PENNY BRADLEY

5   Examination by Ms. Sadler                      4, 90

6   Examination by Mr. Cupp                        79

7

8

9

10

11                       E X H I B I T S

12         EXHIBIT                                   PAGE

13  Bradley Exhibit #1                              13

14  Bradley Exhibit #2                              15

15  Bradley Exhibit #3                              39

16  Bradley Exhibit #4                              84

17  Bradley Exhibit #5                              87

18  Bradley Exhibit #6                              88

19

20

21

22

1  Thereupon,

2                      PENNY BRADLEY,

3  the defendant, having been duly sworn, was examined and

4  testified as follows:

5           EXAMINATION BY MS. SADLER:

6   Q.    All right.  So Ms. Bradley, I'm Virginia Sadler.

7  I represent Wynn's Extended Care in this lawsuit that

8  you have filed.

9         Could you state your full name for the record?

10  A.    Yes, ma'am.  Penny Lynn Bradley.

11  Q.    What was the first name?

12  A.    Penny.

13  Q.    Penny?  Okay.  And what's your current address?

14  A.    252 Saginaw Lane.

15  Q.    Could you spell that?

16  A.    S-A-G-I-N-A-W Lane, Stanley.

17  Q.    Okay.  All right.  Stanley, Virginia, I assume.

18  What's your ZIP Code there?

19  A.    22851.

20  Q.    All right.  Have you ever had your deposition

21  taken before?

22  A.    No, ma'am.

1  22nd.

2  Q.   Of 2013?

3  A.   Yes, sir.

4  Q.   And in relation to when you learned that you

5  didn't have a warranty, is that right around the same

6  time?

7  A.   Yes, sir.

8  Q.   Okay.  Do you recall that after you retained

9  counsel, that a letter was written on your behalf to

10 Credit Acceptance and to Armstrong Auto Sales?

11 A.   Yes, sir.

12       (Thereupon, the document was marked Bradley

13       Exhibit #6 for identification.)

14       BY MR. CUPP:

15 Q.   So I'm handing you what's been marked as Exhibit

16 6 to your deposition, and I'll ask you to identify that

17 document.

18 A.   Yes, sir.  This was after I came to visit with

19 you guys and asked that you represent me.

20 Q.   Okay.  And this was -- this document was -- this

21 letter was sent out on your behalf?

22 A.   Yes, sir.

1   Q.   In the second full paragraph of Exhibit 6, it
2   says she further just recently learned that the service
3   contract she was sold does not cover the problem.
4   A.   Yes.
5   Q.   She has asked Armstrong Auto to fix the problem
6   but it has not done so and has stopped communicating
7   with her.
8   A.   Yes.
9   Q.   Okay.  In relation to when this letter was sent,
10  it is dated February 27, had you just recently learned
11  that the warranty or service contract didn't cover the
12  problem?
13  A.   Yes.
14  Q.   And I believe you told Ms. Sadler that you made
15  your last payment in January of 2013 to Credit
16  Acceptance Corporation?
17  A.   Yes, sir.
18  Q.   And is that because the light -- the light
19  problem with the battery first started in that month?
20  A.   Yes.  I believe so.
21  Q.   Okay.  Back to Exhibit 5.  It shows that there
22  was a -- apparently a charge for the analysis there of