# CUPP & CUPP, P.C.



TIMOTHY E. CUPP
JENIFER D. CUPP

ATTORNEYS AT LAW
1951-D EVELYN BYRD AVENUE
POST OFFICE BOX 589
HARRISONBURG, VIRGINIA 22803-0589

TELEPHONE (540) 432-9988
FACSIMILE (540) 432-9557
cupplaw@comcast.net

February 27, 2013

Credit Acceptance Corporation
Attn: Corporate Legal
25505 West Twelve Mile Road, Suite 3000
Southfield, Michigan 48034-8339

Armstrong Auto Sales, Inc.
1370 North Main Street
Harrisonburg, Virginia 22802

      Re:    Penny L. Bradley car transaction; Account No. 48860171;
              Cancellation of Sale and Demand for Return of Payments

Gentlemen and Ladies:

      I, along with Thomas Domonoske (also of Harrisonburg, Virginia) represent Penny Bradley regarding her car purchase transaction with Armstrong Auto Sales, Inc. referenced in the enclosed copy of the Buyer's Order. As a result of representations made to Ms. Bradley when she purchased this hybrid car on August 21, 2012, she specified that she only wanted the car if it came with a warranty covering, among other things, the hybrid operating system, including the battery. Armstrong Auto promised her that it could get her a two year/24,000 mile warranty which would cover these systems. The Buyer's Order shows that such a service contract providing such a warranty was part of the transaction.

      Actually, because the car is a hybrid, the service contract that Armstrong Auto promised her and for which it charged her never applied to this car. Armstrong knew that the service contract did not apply and simply misrepresented that it did. (See enclosed copy of front of the service contract.) Ms. Bradley recently has learned that the hybrid battery is corroded, has severe battery pack deterioration and needs to be replaced at significant expense. She further has just recently learned that the service contract she was sold does not cover the problem. She has asked Armstrong Auto to fix the problem, but it has not done so and has stopped communicating with her.

      The above facts cannot seriously be disputed and Credit Acceptance knows that the warranty never took effect. On these facts, Armstrong Auto's actions violate the Virginia Consumer Protection Act and the Uniform Commercial Code, and amount to fraud. This letter is notice of this dispute and these violations of law. Under the UCC, Ms. Armstrong hereby revokes her acceptance of the vehicle, and she also rescinds the transaction under the Virginia Consumer Protection Act and because of the fraud. These

Credit Acceptance Corporation
Armstrong Auto Sales, Inc.
February 27, 2013
Page 2

claims are asserted against both Credit Acceptance Corporation and Armstrong Auto Sales. At this point, Ms. Bradley will deliver the car to Armstrong Auto Sales in exchange for the return of all her payments and the Retail Installment Sales Contract marked canceled. Until such time as these payments are returned and the Retail Installment Sales Contract canceled, she asserts the security interest in the car allowed by Va. Code Ann. § 8.2-711(3).

Consistent with this cancellation, Ms. Bradley also requests that all credit reporting about this transaction be removed. Specifically, any credit reporting agency that has been notified about this transaction should now be notified to delete the trade line entirely. Most importantly, because Ms. Bradley has canceled this transaction, no negative reporting should be made about this account. Please consider this request a dispute under 15 U.S.C. § 1681s-2.

Finally, please address all communications about this matter to me and I will coordinate with Ms. Bradley for the return of the vehicle upon compliance with the above described terms.

Very truly yours,

Timothy E. Cupp

Enclosures
Copy: Penny L. Bradley
      Thomas D. Domonoske, Esquire